**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES RUSSELL ROSE,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **v.** | § | **Case No. 1:24-CV-01351-SH** |
| | § | |
| **RWE CLEAN ENERGY, LLC,** | § | |
| *Defendant* | § | |
| | § | |

**ORDER**

Now before the Court are Plaintiff's Request for Entry of Clerk's Default, filed December 23, 2025 (Dkt. 35); Defendant RWE Clean Energy, LLC's Motion for Leave to Supplement Pleadings, filed December 30, 2025 (Dkt. 36); and the associated response and reply briefs.

Plaintiff James Russell Rose filed his original petition in Texas state court on September 23, 2024. Dkt. 1-3. RWE removed to this Court on November 6, 2024, invoking the Court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Dkt. 1. On November 7, 2024, the Court ordered RWE to supplement the record with state court pleadings within ten days if it had not already done so under 28 U.S.C. § 1447. Dkt. 4. Rose now asks the Clerk of Court to enter default, asserting: "To date, no *Answer* has been filed or supplemented by Defendants." Dkt. 35 at 1.

RWE moved for leave to supplement the pleadings one week after Rose moved for entry of default. With the motion, RWE submits the answer to Rose's state court petition it timely filed and served on Rose on October 30, 2024, eight days before filing its notice of removal. Dkt. 36-2. RWE explains that it filed the state court petition with its notice of removal but inadvertently failed to include its answer and did not discover the oversight until Rose filed his motion for default. Dkt. 36 at 2. RWE also states, and submits emails showing, that the parties were actively engaged in discovery in the weeks before Rose moved for default. *Id.* at 4; Dkt. 36-3. In response, Rose

argues that the Court should deny RWE's motion because it failed to obtain his consent under Rule 15(a)(2) to amend its pleadings or confer as required under Local Rule CV-7(g). Rose also argues that granting the motion to supplement would "jeopardize" his jury demand under Rule 38(b). Dkt. 39 at 8.

It is undisputed that RWE timely answered Rose's original petition and responded to the Court's order for jurisdictional briefing. Dkt. 30; Dkt. 31. It has not "failed to plead or otherwise defend," as required for entry of default under Rule 55(a). The Court **DENIES** Plaintiff's Request for Entry of Clerk's Default (Dkt. 35).

Turning to RWE's motion to supplement, both parties are admonished that they must abide by Local Rule CV-7(g) when filing nondispositive motions. But Rose's remaining arguments are not well-taken. Rule 15 is not implicated by RWE's motion to add to this docket the state court answer it timely filed and served on Rose before removal. Nor did RWE move to strike his demand for jury trial (Dkt. 34). To the extent Rose did not timely demand a jury trial, the Court construes his response as a motion under Rule 39(b) and **ORDERS** a jury trial on all issues for which there is a federal right to such. *Daniel Int'l Corp. v. Fischbach & Moore*, 916 F.2d 1061, 1064 (5th Cir. 1990) ("[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary.") (citation omitted).

Finally, the Court **GRANTS** Defendant RWE Clean Energy, LLC's Motion for Leave to Supplement Pleadings (Dkt. 36) and **ORDERS** the Clerk of Court to file Defendant RWE Clean Energy, LLC's Original Answer (Dkt. 36-2).

**SIGNED** on March 11, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

2